# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID FRANYA, | : | No. |
|         Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| CHARLES E. MATTHEWS and BALDOR | : | |
| EXPRESS TRANSPORTATION CO., L.L.C, | : | |
|         Defendants | : | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, David Franya, by and through counsel, Cohen, Feeley, Altemose & Rambo, P.C., brings this Complaint against Charles E. Matthews and Baldor Express Transportation Co., L.L.C., and in support hereof, avers as follows:

## PARTIES

1. Plaintiff, David Franya ("Plaintiff"), is an adult individual and citizen of the Commonwealth of Pennsylvania, residing at 1207 Myrtle Road, Walnutport, PA 18088.

2. Defendant, Charles E. Matthews ("Matthews"), is an adult individual and citizen of the State of New York, residing at 813 President Street, Brooklyn, NY 11215.

3. Defendant, Baldor Express Transportation Co., L.L.C. ("Baldor") is a corporation, partnership, limited partnership, incorporated association, unincorporated association, limited liability corporation, limited liability partnership or other business entity that it is a citizen of the State of New York where it maintains a registered office and regular place of business at 155 Food Center Drive, Bronx, NY 10474.

4. At all times relevant hereto, Defendant, Baldor, acted individually and by and through its agents, servants, workmen and/or employees, acting within the course and scope of their employment and in furtherance of Defendant's business interests, including but not limited to Defendant, Matthews.

**JURISDICTION AND VENUE**

5. This Court has diversity jurisdiction under Section 1332(a)(1) of Title 28 of the United States Code, 28 U.S.C. Section 1332(a)(1) and (a)(2).

6. This Court has venue over this action pursuant to 28 U.S.C. Section 1391(b)(2).

**FACTS**

7. On or about October 27, 2020, Plaintiff was an employee of KCI Technologies, Inc. ("KCI"), and was performing highway inspection services while in the course and scope of his employment for KCI.

8. On the date and at the time as aforesaid, Plaintiff was inspecting work being performed by Kriger Construction, Inc. ("Kriger"), consisting of, *inter alia*, grinding off painted paved shoulder markings from the paved southbound shoulder of S.R. 29 south of Nanticoke, Pennsylvania.

9. On the date and at the time and place as aforesaid, Plaintiff was standing on the aforesaid paved shoulder of S.R. 29 southbound.

10. On the date and at the time and place as aforesaid, Defendant, Matthews, was operating a box truck and proceeding in a southerly direction on S.R. 29 approaching Plaintiff in a travel lane.

11. On the date and at the time and place as aforesaid, Defendant, Matthews, was extremely fatigued and unable to remain awake as he was operating the box truck.

12. On the date and at the time and place as aforesaid, Defendant, Matthews, knew, or should have known, that he was too fatigued to remain awake behind the wheel of a motor vehicle, that he would most likely either fall asleep behind the wheel or be unable to operate his vehicle with the care and attention necessary to safely operate his vehicle because of his fatigue, and that he presented a high degree of risk of harm to other drivers on the highway and any pedestrians on the shoulder of the highway; despite his knowledge of his condition and the high degree of risk of harm presented by it, he consciously disregarded the risk and continued to operate the vehicle.

13. At all times relevant hereto, Defendant, Baldor, knew, or should have known, that Defendant, Matthews, was operating the box truck when he was extremely fatigued and unable to remain awake as he was operating the box truck.

14. At all times relevant hereto, Defendant, Baldor, knew, or should have known, that Defendant, Matthews, was too fatigued to remain awake behind the wheel of a motor vehicle, that he would most likely either fall asleep behind the wheel or be unable to operate his vehicle with the care and attention necessary to safely operate his vehicle because of his fatigue, and that he presented a high degree of risk of harm to other drivers on the highway and to pedestrians present on the shoulder of the highway; despite its knowledge of Defendant, Matthews' condition and the high degree of risk of harm presented by it, Defendant, Baldor, consciously disregarded the risk and permitted Defendant, Matthews, to continue to operate the box truck.

15. On the date and at the time and place as aforesaid, Defendant, Matthews, fell asleep at the wheel of the box truck, and as a result, the box truck crossed over the fog line delineating the western edge of the travel lane and out of its travel lane, striking a Kriger vehicle parked on the shoulder, then striking Plaintiff's vehicle which was also parked on the shoulder and then striking Plaintiff, causing Plaintiff to suffer the injuries and damages more full set forth at length below.

### COUNT I

### David Franya v. Charles E. Matthews

16. Plaintiff, David Franya, incorporates by references all preceding paragraphs of this Complaint as if fully set forth at length herein.

17. The aforesaid accident was caused by the negligence, carelessness and recklessness of Defendant, Charles E. Matthews, in that he, *inter alia,* did:

    (a). operate the box truck when he was too fatigued to safely operate a motor vehicle on the highway, when he knew, or should have known, of same and in conscious disregard of the risks of severe bodily injury or death posed to Plaintiff and others similarly situated as a result thereof;

    (b). operate the box truck when he knew, or should have known, that he was beginning to fall asleep, or at risk of falling asleep at the wheel, and in conscious disregard of the risks of severe bodily injury or death posed to Plaintiff and others similarly situated as a result thereof;

    (c). operate the box truck when he knew, or should have known, that he was unable to operate the box truck with the care and attention necessary to safely operate the box truck, and in conscious disregard of the risks of severe bodily injury or death posed to Plaintiff and others similarly situated as a result thereof;

    (d). fail to stop operating the box truck when he was too fatigued to safely operate a motor vehicle on the highway, when he knew, or should have known, of same and in conscious disregard of the risks of severe bodily injury or death posed to Plaintiff and others similarly situated as a result thereof;

    (e). fail to stop operating the box truck when he knew, or should have known, that he was beginning to fall asleep at the wheel, or at risk of falling asleep at the wheel,

and in conscious disregard of the risks of severe bodily injury or death posed to Plaintiff and others similarly situated as a result thereof;

(f). fail to stop operating the box truck when he knew, or should have known, that he was unable to operate the box truck with the care and attention necessary to safely operate the box truck, and in conscious disregard of the risks of severe bodily injury or death posed to Plaintiff and others similarly situated as a result thereof;

(g). fail to notify Defendant, Baldor, that he was too fatigued to safely operate a motor vehicle on the highway, when he knew or should have known, of same and in conscious disregard of the risks of severe bodily injury or death posed to Plaintiff and others similarly situated as a result thereof;

(h). fail to notify Defendant, Baldor, that he was beginning to fall asleep, or at risk of falling asleep at the wheel, and in conscious disregard of the risks of severe bodily injury or death posed to Plaintiff and others similarly situated as a result thereof;

(i). fail to notify Defendant, Baldor, that he was unable to operate the box truck with the care and attention necessary to safely operate the box truck, when he knew, or should have known, of same, and in conscious disregard of the risks of severe bodily injury or death posed to Plaintiff and others similarly situated as a result thereof;

(j). falsely represent by words and/or conduct to his employer, Baldor, that he was not fatigued, not at risk of falling asleep at the wheel, and that he was able to safely operate the box truck, when he knew, or should have known, that said facts were false, and in conscious disregard of the risks of severe bodily injury or death posed to Plaintiff and others similarly situated as a result thereof;

(a). fail to recognize that he was too fatigued to safely operate a motor vehicle on the highway, when he knew, or should have known, of same and in conscious disregard of the risks of severe bodily injury or death posed to Plaintiff and others similarly situated as a result thereof;

(b). fail to recognize that he was beginning to fall asleep, or at risk of falling asleep at the wheel, when he knew, or should have known of same, and in conscious disregard of the risks of severe bodily injury or death posed to Plaintiff and others similarly situated as a result thereof;

(c). fail to recognize that he was unable to operate the box truck with the care and attention necessary to safely operate the box truck, when he knew, or should have known of same, and in conscious disregard of the risks of severe bodily injury or death posed to Plaintiff and others similarly situated as a result thereof;

(k). operate the box truck outside his marked lane of travel;

(l). operate the box truck on the shoulder of the highway;

(m). fail to recognize that his box truck was on the path to exit, and then exiting his travel lane;

(n). fail to recognize that his box truck was approaching and/or entering the shoulder of the highway;

(o). fail to warn Plaintiff and the Kriger employees that his box truck was on the path to exit, and then exiting his travel lane;

(p). fail to warn Plaintiff and the Kriger employees that his box truck was approaching and/or entering the shoulder of the highway;

(q). operate his box truck at a speed too fast for his physical, emotional and mental condition then and there existing, and in excess of the speed limit;

(r). fail to stop his box truck before striking the vehicles and Plaintiff;

(s). fail to swerve his box truck to avoid striking the vehicles and Plaintiff;

(t). fail to see the vehicles and Plaintiff on the shoulder of the highway;

(u). enter the paved shoulder of the highway when Defendant saw, or should have seen Plaintiff and the vehicles parked there;

(v). fail to keep a constant look-out and view ahead of him as he operated the box truck;

(w). operate the box truck in violation of Defendant, Baldor's guidelines, policies and procedures and standards of care and safety designed to prevent the operators of its vehicles from becoming fatigued, operating a vehicle while fatigued, operating a vehicle when he was in a condition that prevented him from safely operating it, and falling asleep at the wheel of a vehicle while the vehicle was in operation, when Defendant knew, or should have known, of the violations and operated the box truck in conscious disregard of the violations and the extreme risk of bodily injury and death to Plaintiff and others similarly situated as a result thereof;

(x). violate 75 P.S. Sections 3304, 330-9, 3334, 3361 and 3362, when Defendant knew, or should have known, of the violations, and acted in conscious disregard of his violation of said Sections and the extreme risk of serious injury or death to Plaintiff and others similarly situated;

(y).  violate 49 C.F.R. Sections 395.3, 395.8, 395.24, 392.3, 383.10, 383.11, 383.12, and 391.11, when Defendant knew, or should have known, of the violations, and acted in conscious disregard of his violation of said Sections and the extreme risk of serious injury or death to Plaintiff and others similarly situated;

18.  Solely as a result of the carelessness, negligence and recklessness of Defendant, Plaintiff was caused to suffer injuries to his bones, joints, muscles, tendons, blood vessels and soft tissues throughout his entire body, both internally and externally, all of which may be permanent, including, but not limited to:  injuries to the cervical spine, back, both scapulas, ribs, right lower extremity, left lower extremity, face and head.

19.  As a result of the above injuries, Plaintiff has been and may be in the future obliged to expend various and diverse sums of money for medicine and medical treatment in an effort to cure the above injuries, all to his great loss and detriment.

20.  As a result of the above injuries, Plaintiff was and continues to be unable to attend to his usual employment duties and occupation and thereby suffered and suffers loss and depreciation of his earnings and earning power; he may continue to suffer the same for an indefinite period of time in the future, all to his great financial loss and detriment.

21.  As a result of the above accident and injuries sustained thereby, Plaintiff has suffered physical pain, mental anguish, anxiety, disfigurement, embarrassment and humiliation and may continue to suffer the same for an indefinite period of time in the future, all to his great loss and detriment.

22.  As a result of the above injuries, Plaintiff has been unable to engage in his usual and customary social and recreational activities and other life's pleasures may be prevented from engaging in such activities in the future, all to his great loss and detriment.

23.  The aforesaid acts of negligence, carelessness, and recklessness of Defendant created a high degree of risk of harm to Plaintiff.

24.  The aforesaid acts of negligence, carelessness, and recklessness of Defendant were committed in conscious disregard of, or indifference to high degree of risk of harm posed thereby and thus constitute outrageous, wanton and willful misconduct, entitling Plaintiff to recover punitive damages.

WHEREFORE, Plaintiff, David Franya, demands judgment against Defendant, Charles E. Matthews, in an amount in excess of $150,000.00 plus punitive damages, interest and costs of suit.

## COUNT II

### David Franya v. Baldor Express Transportation Co., L.L.C.

25.  Plaintiff, David Franya, incorporates by reference all preceding paragraphs of this Complaint as if fully set forth at length herein.

26. The aforesaid accident was caused by the negligence, carelessness and recklessness of Defendant, Baldor Express Transportation Co., L.L.C., in that it, *inter alia,* did:

>   (a).  commit the acts of negligence, carelessness and recklessness committed by its agent, servant, workman and/or employee, Defendant, Matthews, set forth in Count I above, said averments being incorporated herein by reference;
>
>   (b). direct, order or permit Defendant, Matthews, to operate the box truck when he was too fatigued to safely operate a box truck when it knew, or should have known, that he was too fatigued, or likely to be too fatigued to safely operate a box truck and in conscious disregard of the unnecessary, foreseeable and severe risk of harm resulting therefrom;
>
>   (c).  entrust the box truck to Defendant, Matthews, on the date of the accident when it knew, or should have known, that he was too fatigued, or likely to be too fatigued to safely operate a box truck and in conscious disregard of the unnecessary, foreseeable and severe risk of harm resulting therefrom;

8

(d). entrust the box truck to Defendant, Matthews, when it knew, or should have known, that he had a propensity to act in a negligent or reckless manner and in conscious disregard of the unnecessary, foreseeable and severe risk of harm resulting therefrom;

(e). direct, order or permit Defendant, Matthews, to operate the box truck when it knew, or should have known, that he intended to or was likely to use the box truck or to conduct himself as a driver in such a manner as to create an unreasonable risk of harm to others in violation of the Restatement (Second) of Torts Section 308 and in conscious disregard of the unnecessary, foreseeable and severe risk of harm resulting therefrom;

(f). direct, order or permit Defendant, Matthews, to operate the box truck when it knew, or should have known, that he was not properly trained and certified to operate the box truck in a safe and prudent manner and in conscious disregard of the unnecessary, foreseeable and severe risk of harm resulting therefrom;

(g). fail to provide sufficient and proper instruction, education and training to Defendant, Matthews, that was necessary for him to operate the box truck when he was not too fatigued to safely operate the box truck, or likely to be too fatigued to safely operate the box truck, in conscious disregard of the unnecessary, foreseeable and severe risk of harm resulting therefrom;

(h). fail to discover, when Defendant would have discovered upon the exercise of reasonable care, that Defendant, Matthews was too fatigued to safely operate a box truck, or likely would be too fatigued to safely operate a box truck in conscious disregard of the unnecessary, foreseeable and severe risk of harm resulting therefrom;

(i). fail to use reasonable care in hiring, supervising, employing and/or promoting Defendant, Matthews;

(j). permit, Defendant, Matthews, to continue to work as Defendant's agent, servant, workman and/or employee, when said Defendant knew, or should have known, that he was unable to, refusing to and/or incapable of properly performing said requirements of his employment, in conscious disregard of the unnecessary, foreseeable and severe risk of harm resulting therefrom;

(k). fail to establish procedures, policies, rules and programs to ensure that its employees did not operate vehicles when the employees were too fatigued or likely to be too fatigued to safely operate a motor vehicle on the highway and to ensure that they were complying with all state motor vehicle statutes and Federal Motor Carrier Safety Regulations, when Defendant knew, or should have known, that said policies, procedures, rules and programs were necessary to protect the public from harm, in conscious disregard of the unnecessary, foreseeable and severe risk of harm resulting therefrom;

;

(l). violate its own procedures, policies, rules and programs designed to ensure that its employees did not operate vehicles when the employees were too fatigued or likely to be too fatigued to safely operate a motor vehicle on the highway and to ensure that they were complying with all state motor vehicle statutes and Federal Motor Carrier Safety Regulations, when Defendant knew, or should have known, of the violations and in conscious disregard of the unnecessary, foreseeable and severe risk of harm resulting therefrom; and

(m). violate the Federal Motor Carrier Safety Regulations, Including but not limited to the following, when Defendant knew, or should have known, of the violations and in conscious disregard of the unnecessary, foreseeable and severe risk of harm resulting therefrom: 49 C.F.R. Section 395.3, 395.13, 395.27, 392.3, 390.11, 390.13, 385.52, 383.10, 383.11, 383.13, and 391.11.

27. Solely as a result of the carelessness, negligence and recklessness of Defendant, Baldor, Plaintiff was caused to suffer the injuries and damages more fully set forth at length in Count I above, said averments being incorporated herein by reference.

28. The aforesaid acts of negligence, carelessness, and recklessness of Defendant created a high degree of risk of harm to Plaintiff.

29. The aforesaid acts of negligence, carelessness, gross negligence, and recklessness of Defendant were committed in conscious disregard of, or indifference to high degree of risk of harm posed thereby and thus constitute outrageous, wanton and willful misconduct, entitling Plaintiff to recover punitive damages.

WHEREFORE, Plaintiff, David Franya, demands judgment against Defendant, Baldor Express Transportation Co., L.L.C., in an amount in excess of $150,000.00 plus punitive damages, interest and costs of suit.

*COHEN, FEELEY, ALTEMOSE & RAMBO, P.C.*

**BY:**  s/ Mark K. Altemose
    Mark K. Altemose, Esquire
    2851 Baglyos Circle
    Bethlehem, PA  18020
    (610) 625-2100
    maltemose@cohenfeeley.com
    *Attorney for Plaintiff*